UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICGT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LILY GROUP, INC., | ) | CASE NO. 13-81073-FJO-11 |
| | ) | |
| Debtor. | ) | |

**FIRST DAY MOTION FOR AUTHORITY TO: (A) MAINTAIN CERTAIN EXISTING BANK ACCOUNTS; (B) CONTINUE USING ITS EXISTING CASH MANAGEMENT SYSTEM; AND (C) CONTINUE USING ITS EXISTING BUSINESS FORMS**

Lily Group, Inc., debtor-in-possession ("LGI"), by counsel, requests the entry of an order pursuant to sections 105(a), 363, 1107, and 1108 of the 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"), authorizing LGI to maintain certain existing bank accounts, continue using its existing cash management system, and continue using its existing business forms. In support, LGI respectfully states as follows:

**GENERAL BACKGROUND**

1. On September 23, 2013, (the "Petition Date"), LGI filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.*, as amended (the "Bankruptcy Code"). LGI continues to operate its businesses and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§1157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. This motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

1

3.  The statutory bases for relief requested herein are sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code.

4.  No Trustee or examiner has been appointed in this chapter 11 case. No committee of unsecured creditors has yet been appointed in this chapter 11 case.

5.  LGI has discussed the filing of its case with the Office of the United States Trustee for the Southern District of Indiana (the "Trustee"), and advised the Trustee of its first day motions. This is a first day motion pursuant to Local Rule S.D. Ind. B-9013-3(f).

6.  LGI is a development and operation stage company in the energy resource industry that was formed to hold, explore, develop, operate, and manage natural resource properties, with an initial focus on coal exploration. LGI was founded in the fall of 2007 to develop, operate, and open access to a known coal reserve in Indiana. Since inception, LGI has focused on developing the coal reserve to be known as the Landree Mine.

7.  LGI currently employs nine (9) salaried and eight (8) hourly employees.

**RELIEF REQUESTED**

8.  By this Motion, LGI seeks the entry of an order authorizing it to maintain its existing cash management system, including the continued us of existing business forms and certain bank accounts.

9.  Prior to the Petition Date and in the ordinary course of its business, LGI maintained the following bank accounts (collectively, the "Accounts");

        Account No. XX1516 with First Financial Bank;

        Account No. XX4838 with Bank of America; and

        Account No. XX9867 with PNC Bank.

10. The Trustee has established certain operating guidelines for a debtor-in-possession. One such provision requires chapter 11 debtors-in-possession to open new bank accounts and close all existing accounts. This requirement is designed to provide a clear line of demarcation between pre-petition and post-petition claims and payments and help protect against the inadvertent payment of prepetition claims by preventing the debtor-in-possession's banks from honoring checks which bear the designation "Debtor-in-Possession," the bankruptcy case number, and the type of accounts. As set forth below, LGI submits that enforcing the majority of these requirements would disrupt LGI's operations and impose a financial burden on its estate.

11. Notwithstanding the foregoing, LGI has an immediate need to continue using the Accounts and LGI's cash management system without interruption and believe that its reorganization (or sale) in its chapter 11 case will be much more orderly and efficient, with a minimum amount of disruption and harm to its business operations, if the Accounts are continued post-petition with the same account numbers and without interruption.

12. To the best of LGI's knowledge, PNC, First Financial and Bank of America are "approved depositories" in this district by the Trustee. Accordingly, LGI hereby requests immediate authority to (i) maintain the Accounts in the

3

ordinary course of business and (ii) pay any ordinary course post-petition bank fees that may be incurred in connection with the Accounts.

13. Although LGI has requested authority to keep the Accounts open, there may be circumstances wherein LGI finds it appropriate to close certain Accounts in order to avoid paying prepetition indebtedness not authorized under the first-day orders entered in the chapter 11 case by this Court.

14. By preserving business continuity and avoiding monumental disruption and delay to payroll and daily business operations that would necessarily result from the closing of the Accounts and the opening of the new bank accounts, all parties in interest, including LGI's employees, vendors and customers, will be best served by continuing to maintain the Accounts. The benefit to LGI's estate will be considerable by eliminating the confusion that would otherwise result absent the relief requested herein.

15. In addition, to minimize expenses to LGI's estate, LGI requests authorization to continue to use its current correspondence and business forms, including, but not limited to, invoices, purchase orders and related vendor communications and documents, letterhead, envelopes, promotional materials, order forms and other business forms (collectively, the "Business Forms"), substantially in the form existing immediately before the Petition Date, without reference to LGI's status as debtor-in-possession. It is believed that vendors doing business with LGI will undoubtedly be aware of LGI's status as chapter 11 debtor-in-possession.

16. If LGI is not permitted to maintain and utilize the current Accounts and to continue to use its existing Business Forms, LGI will be adversely impacted by (i) the resulting disruption to LGI's ordinary financial affairs and business operations, (ii) the delay of the administration of its estate and (iii) the incurrence of unnecessary costs to the estate.

17. Notice of this Motion has been made in compliance with Local Rule B-9013-3(d).

WHEREFORE, Debtor Lily Group, Inc., by proposed counsel, requests that the Court enter an Order: (a) authorizing but not directing LGI to maintain the Accounts, (b) authorizing LGI to continue using its existing cash management system and continue using its existing business forms, and (c) granting such other relief as the Court deems just and proper.

Respectfully submitted

TUCKER HESTER BAKER & KREBS, LLC

By:  */s/ Courtney E. Chilcote*
David R. Krebs
Courtney E. Chilcote
Tucker Hester Baker & Krebs, LLC
One Indiana Square, Suite 1600
Indianapolis, IN 46204
Tel: (317) 833-3030
Fax: (317) 833-3031
Email: dkrebs@thbklaw.com
Email: cchilcote@thbklaw.com

*Proposed Counsel for Lily Group, Inc.*