UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICGT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LILY GROUP, INC., | ) | CASE NO. 13-81073-FJO-11 |
| | ) | |
| Debtor. | ) | |

**FIRST DAY MOTION FOR ENTRY OF ORDER UNDER 11 U.S.C. §366(b) FOR (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES, AND (B) DETERMINING ADEQUATE ASSURANCES OF PAYMENT FOR FUTURE SERVICES**

Lily Group, Inc., debtor-in-possession ("LGI"), by counsel, and for its *First Day Motion for Entry of Order under 11 U.S.C. §366(b) for (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services, and (B) Determining Adequate Assurances of Payment for Future Services* (the "Utilities Motion"), states as follows:

**Jurisdiction**

1.  On September 23, 2013, (the "Petition Date"), LGI filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.*, as amended (the "Bankruptcy Code"). LGI continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  No trustee or examiner has been appointed, and no committee has yet been appointed or designated.

3.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§1157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. This motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. The statutory predicates for the relief requested herein are sections 105 and 366 of the Bankruptcy Code.

5. This is a first day motion pursuant to Local Rule S.D. Indiana B-9013-3(f).

## General Background

1. LGI is a development and operation stage company in the energy resource industry that was formed to hold, explore, develop, operate, and manage natural resource properties, with an initial focus on coal exploration. LGI was founded in the fall of 2007 to develop, operate, and open access to a known coal reserve in Indiana. Since inception, LGI has focused on developing the coal reserve to be known as the Landree Mine.

2. LGI currently employs nine (9) salaried and eight (8) hourly employees.

3. In the normal conduct of its business, LGI uses electric, water/sewage, telephone, internet, satellite, natural gas, liquid propane and/or other services provided by certain utility companies with average monthly expenses as is set forth below (the "Utility Companies"):[1]

    i.    AT&T - $285.40;

    ii.    City of Sullivan - $39.44;

    iii.    Comcast - $237.96;

    iv.    Correll's LP Gas, Inc. - $180.58;

    v.    Duke Energy - $27,231.60;

---

[1] Debtor reserves the right to update and supplement this list of Utility Companies, as necessary.

2

  vi.  Ellis Water Co. - $136.17;

  vii.  HughesNet - $112.88;

  viii.  Indiana American Water - $42.51;

  ix.  Ohio Valley Gas, Inc. - $66.03;

  x.  Verizon - $587.24

  4.  The Utility Companies provide service to LGI's business. Naturally, those services are essential to LGI's ability to sustain its operations and maintain sales and service activities during the pendency of its chapter 11 case. An interruption of such utility service would severely disrupt LGI's business operations.

  5.  LGI pays the Utility Companies directly, after receiving an invoice for the prior month's service.

## Relief Requested

A. <u>Summary of Relief</u>

  6.  By this Utilities Motion, LGI seeks entry of an Order prohibiting the Utility Companies from altering, refusing or discontinuing services, and determining that a one month services cash deposit with the Utility Companies constitutes adequate assurance to the Utility Companies of payment for future services as required under section 366 of the Bankruptcy Code.

  7.  LGI has a one month service deposit with Duke Energy for $22,175.00.

B.  <u>Bases for Relief</u>

8.  In the normal conduct of its business, LGI uses electric, water/sewage, energy, telephone, internet, cable television, natural gas, liquid propane and other services provided by the various Utility Companies. All or substantially all of LGI's Utility Companies are listed above. An interruption of utility service would severely disrupt LGI's business operations.

9.  Prior to the Petition Date, LGI endeavored to pay for its utility services in a timely fashion and is current in utility payments as of this date, except for those payments that would have been made in the ordinary course of LGI's business but for the filing of this chapter 11 case.

10.  Pursuant to section 366(b) of the Bankruptcy Code, a utility may alter, refuse or discontinue service to a debtor only if, within 20 days after the filing of a petition commencing a case under chapter 11 of the Bankruptcy Code, such utility has not been provided with adequate assurance of payment for services provided post-petition. Further, pursuant to section 366(c) of the Bankruptcy Code, as added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, in a chapter 11 case a utility may alter, refuse or discontinue service to a debtor only if, within 30 days after the filing of a petition commencing a case under chapter 11 of the Bankruptcy Code, such utility has not received from the debtor adequate assurance of payment for utility service that is satisfactory to the utility.

11.  LGI is concerned that the Utility Companies may terminate, alter or refuse to provide service, or may demand an unreasonably large deposit in order to

4

continue providing service. Section 366(c)(3) of the Bankruptcy Code allows a court, after notice and a hearing, to order the modification of the amount of adequate assurance of payment under section 366(c)(1)(2). 11 U.S.C. §366(c)(3)(A). Accordingly, by this motion, Debtor respectfully requests an entry of an order (a) prohibiting the Utility Companies from discontinuing, altering or refusing service to Debtor, and (b) determining adequate assurance of payment for future services under section 366 of the Bankruptcy Code.

12. For purposes of section 366(c) of the Bankruptcy Code, "assurance of payment" is defined to mean one of the following:

   i. a cash deposit;

   ii. a letter of credit;

   iii. a certificate of deposit;

   iv. a surety bond;

   v. a prepayment of utility consumption; or

   vi. another form of security that is mutually agreed on between utility and the debtor or trustee.

11 U.S.C. 366(c)(1)(A). LGI proposes to provide adequate assurance of payment to the Utility Companies by a one month's services cash deposit to each Utility Company. However, if the Utility Companies hold a current deposit there exist sufficient adequate assurance of payment without further deposit made by LGI.

5

13. The entry of the Order granting the relief requested in the Utilities Motion is without prejudice to the Utility Companies requesting further adequate assurance of payment.

14. LGI believes the granting of the relief requested will not prejudice the rights of Utility Companies under section 366 of the Bankruptcy Code.

## NOTICE

15. Notice of this Motion has been made in compliance with Local Rule B-9013-3(d).

16. LGI will provide, on the date this motion is filed, copies of this Utilities Motion and notice of the hearing on this and other first day motions by fax, e-mail or hand delivery to the following:

   i. The Office of the United States Trustee for the Southern District of Indiana;

   ii. Debtor's 20 largest unsecured creditors (to the extent practicable);

   iii. All secured creditors;

   iv. The relevant and affected Utilities Companies;

   v. Any indenture trustees; and

   vi. Any party who has filed an appearance and served same on LGI prior to service of this Utilities Motion.

## COORDINATION WITH THE UNITED STATES TRUSTEE

17. Prior to the filing of the Utilities Motion, LGI's counsel conferred with the United States Trustee concerning the intent of this Utilities Motion.

## **NO PRIOR REQUESTS**

18. No prior request for the relief requested herein has been made to this Court in this chapter 11 case.

WHEREFORE, Lily Group, Inc., by proposed counsel, respectfully requests an entry of an Order (i) prohibiting Utility Companies from altering, refusing or discontinuing services, (ii) determining adequate assurance of payment for future services, and (iii) granting such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted

TUCKER HESTER BAKER & KREBS, LLC

By: _____*/s/ Courtney E. Chilcote*_____
David R. Krebs
Courtney E. Chilcote
Tucker Hester Baker & Krebs, LLC
One Indiana Square, Suite 1600
Indianapolis, IN 46204
Tel: (317) 833-3030
Fax: (317) 833-3031
Email: dkrebs@thbklaw.com
Email: cchilcote@thbklaw.com

*Proposed Counsel for Lily Group, Inc.*