UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICGT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LILY GROUP, INC., | ) | CASE NO. 13-81073-FJO-11 |
| | ) | |
| Debtor. | ) | |

**FIRST DAY MOTION FOR AUTHORITY TO PAY PRE-PETITION EMPLOYEE WAGES *NUNC PRO TUNC* TO PETITION DATE**

Debtor and Debtor-in-Possession, Lily Group, Inc., ( "LGI"), by counsel, for its *First Day Motion for Authority to Pay Pre-Petition Employee Wages and Related Obligations Nunc Pro Tunc to Petition Date* (the "Employee Motion"), states as follows:

## Introduction

1. On September 23, 2013 (the "Petition Date"), LGI filed its voluntary petition under chapter 11 of 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Motion under 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 365, 1107 and 1108 of chapter 11 of the Bankruptcy Code.

5.      LGI is a development and operation stage company in the energy resource industry that was formed to hold, explore, develop, operate, and manage natural resource properties, with an initial focus on coal exploration. LGI was founded in the fall of 2007 to develop, operate, and open access to a known coal reserve in Indiana. Since inception, LGI has focused on developing the coal reserve to be known as the Landree Mine.

6.      LGI, as of the petition date, employs nine (9) salaried and eight (8) hourly employees.

7.      No trustee or examiner has been appointed in the Chapter 11 Case. No committee of unsecured creditors has yet been appointed in this Chapter 11 Case.

8.      This is a first day motion pursuant Local Rule S.D. Indiana B-9013-3(f).

## **Factual Background**

9.      LGI employs nine (9) salaried and eight (8) hourly employees who are paid on a weekly basis, in arrears.

10.     LGI's next regularly scheduled payroll payment will occur on September 26, 2013.  Payroll is processed and paid by LGI and will draw from LGI's account at First Financial Bank on or about September 26, 2013.

11.     LGI has significant arrearages in employee wages earned prior to the Petition Date and thus constitute pre-petition wages subject to allowable limits under the Bankruptcy Code.  The number of such employees and amounts are set

forth below, and LGI asserts such employees hold valid priority claims for unpaid salary and wages under 11 U.S.C. §507(a)(4).

12.  LGI's back payroll breakdown encompasses the pay period of August 18-24 through current in the total amount of $247,380.01. This figure includes net pay, weekend pay, employee expenses, child support and garnishment orders. This figure encompasses hourly wages for 46 employees and salaries of 17 employees.

13.  LGI requests authority to pay the regularly scheduled payroll *nunc pro tunc* to the Petition Date, notwithstanding that some or all of the salary/wages now due its employees were earned prior to the Petition Date and constitute pre-petition salary/wages, as proposed in a budget to be submitted under an Order approving this Motion, should the Court find this Motion appropriate.

14.  In total, LGI will only be making payments to employees for those amounts that would qualify as a priority claim under section 507(a)(4) of the Bankruptcy Code as unpaid wages or salaries, and will make such payments over time in accordance with the proposed DIP Loan Motion and related Budget as expected to be addressed and/or come before this Court during a hearing on first day motions. Further, any proposed payments pursuant to this Motion will be included in any Order entered approving same.

15.  LGI also requests authority to pay the payroll taxes, child support and garnishment orders related to the wages that are due to the employees. LGI computes its own payroll taxes, draws payroll taxes from LGI's account, and makes payment of the payroll taxes to the appropriate taxing authorities.

16.    LGI further requests that banks and other financial institutions be authorized and directed to receive, process, honor, and pay all checks presented for payment and electronic payment requests made by LGI relating to the foregoing requests for payment of salaries, wages, and other compensation.

17.    It is necessary and essential that LGI pay and reimburse its current and former employees for wages and salaries earned.

### Notice

18.    Notice of this Motion has been made in compliance with Local Rule B-9013-3(d).

WHEREFORE, Lily Group, Inc., by proposed counsel, respectfully requests an order granting LGI authority to pay pre-petition wages due to its employees within the parameters of §507(a)(4), authority to pay the related payroll taxes, child support and garnishment orders *nunc pro tunc* to the Petition Date, and request all other relief just and proper in the premises.

Respectfully submitted

TUCKER HESTER BAKER & KREBS, LLC

By:    */s/ Courtney E. Chilcote*
David R. Krebs
Courtney E. Chilcote
Tucker Hester Baker & Krebs, LLC
One Indiana Square, Suite 1600
Indianapolis, IN 46204
Tel: (317) 833-3030
Fax: (317) 833-3031
Email: dkrebs@thbklaw.com
Email: cchilcote@thbklaw.com

*Proposed Counsel for Lily Group, Inc.*