UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LILY GROUP, INC., | ) | CASE NO. 13-81073-FJO-11 |
| | ) | |
| Debtor. | ) | |

**FIRST DAY MOTION (A) TO AUTHORIZE DEBTOR TO INCUR POST-PETITION FINANCING AND (B) TO GRANT PRIMING LIEN AND AN ALLOWED SUPER-PRIORITY CLAIM**

Comes now the Debtor, Lily Group, Inc. ("LGI"), by proposed counsel, and hereby request entry of an Order (the "DIP Order") authorizing LGI to incur post-petition debt on a priming secured and super-priority administrative claim basis. In support of this Motion, LGI states as follows:

**Jurisdiction**

1. This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105 and 364 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule B-4001-2 of the Local Rules of the United States District Court for the Southern District of Indiana (the "Local Rules").

**Background and Necessity for Relief**

3. This proceeding of Lily Group, Inc. was initiated by the filing of a voluntary petition pursuant to the provisions of Chapter 11 of Title 11, U.S.C. on September 23, 2013.

4. LGI is in immediate need for the DIP Loan (as defined later herein) to assist it in maintaining and preserving its estate as a going concern in preparation for an anticipated sale through 11 U.S.C §363, anticipated to be brought before the Court for consideration in the next 30-45 days.

5. LGI has been communicating with called Reich Brothers, LLC ("Reich") out of Los Angeles, CA regarding a DIP Loan and relevant terms that would assist LGI in maintaining its operations through December 31, 2013 (the current timeframe being discussed) in order to preserve the estate and to pay only absolutely necessary expenses, as set forth and in conjunction with the attached "Survival Mode Budget" (the "Budget") attached hereto as Exhibit A.

6. The proposed terms under which Reich is willing to extend the DIP Loan to LGI is attached hereto as Exhibit B (the "DIP Term Sheet").

7. LGI has not been able to obtain any such credit otherwise.

8. LGI has been in communication with its primary secured lender, Platinum Partner's Credit Opportunities Master Fund, LP ("Platinum"), with regard to this emergency situation and need for the DIP Loan. At the time of filing this First Day Motion, LGI does not have the consent of Platinum for relief requested herein and under the DIP Term Sheet, most specifically, the request that the DIP Loan prime Platinum's secured liens on LGI's personal and real property and be granted super priority status.

9. Lily Holdings, LLC may assert a security interest in certain equipment and rolling stock to secure an obligation of approximately $5,000,000.00. Lily Holdings, LLC has some common ownership interest with LGI, and LGI understands that Lily Holdings, LLC consents to the priming lien.

10. C&S Machinery, Inc., Komatsu Financial Limited Partnership, US Capital Partners, LLC,; Crowe Equipment, Inc.; Morgantown Machine & Hydraulics of Utah, Inc. may assert security interests in specific equipment of LGI and have not been contacted to discuss the issues herein.

### Relief Requested

11. LGI seeks authorization to obtain post-petition financing on a priming secured and super-priority administrative claim basis to provide capital necessary for the purpose of covering and bridging current expenses and necessities that LGI's operations cannot fund in the immediate future, all for the benefit and protection of

the bankruptcy estate pending an anticipated sale of the business as a going concern.

12. The DIP Loan described herein would be secured by a first priming lien on all assets of LGI (the "Priming Lien") pursuant to 11 U.S.C. § 364(d).

13. By this Motion, the LGI requests that the Court approve the terms set forth on the DIP Term Sheet attached as Exhibit A hereto (the term sheet inaccurately identifies VHGI Holdings as d/b/a Lily Group. VHGI Holdings LLC is the shareholder of VHGI Coal, LLC which is the shareholder of LGI. All three entities will be parties to the proposed DIP facility), subject to modification/clarification as to be addressed during the emergency hearing on first day motions.

    a. authorizing LGI to incur debt to Reich in the principal amount of up to $2,500,000.00 (the "DIP Loan");

    b. authorizing LGI to execute and deliver any documents necessary to implement the terms of the DIP Loan, and to perform such other and further acts as may be necessary or appropriate in connection therewith;

    c. authorizing LGI to grant Reich a first priority priming lien on its assets to secure the DIP Loan pursuant to 11 U.S.C. § 364(d);

    d. authorizing LGI to grant a super-priority allowed administrative claim in favor of Reich pursuant to § 364(c)(1) of the Bankruptcy Code with respect to the DIP Loan;

    e. authorizing LGI to grant liens on all property of LGI's estate in favor of Reich to the extent of the DIP Loan;

    g. scheduling a final hearing on this Motion to consider entry of the final DIP Order authorizing the relief requested in the Motion; and

h.  granting such other and further relief as the Court deems just and proper under the circumstances.

## **Summary of Principal Terms**

| **Borrowers:** | Lily Group, Inc. and VHGI Holdings |
|---|---|
| **Amount of Loan:** | Up to $2,500,000.00 |
| **Fees:** | Commitment Fee of $125,000 payable at earlier of closing or commitment; Exit Fee of $125,000 payable upon maturity; Interest at the greater of LIBOR plus 8% per annum or 14.25% per annum; Due Diligence costs anticipated at $50,000 ($25K for documentation, $15K for credit review and $10K for appraisals). |
| **Non-Default Interest Rate:** | Interest at the greater of LIBOR plus 8% per annum or 14.25% per annum |
| **Maturity Date:** | Ninety (90) days from the date of mutual execution and delivery of the Loan Documents |
| **Payment Terms:** | Deferred until Maturity Date |
| **Pre-Payment Penalty:** | None |
| **Priority:** | DIP Loan, including all accrued interest, fees and costs, shall (i) constitute a super-priority administrative expense claim pursuant to § 364(c)(1) of the Bankruptcy Code, (ii) be secured by a first priority priming lien on accounts receivable and (iii) be secured by priming secured liens on all assets and capital stock of LGI. |

14.  Given the emergency expedited nature in addressing the terms of this DIP Loan and the request for Court's approval of same, LGI lists directly below to

the best of its ability at this time the terms of the DIP Loan containing provisions which are required to be disclosed pursuant to Local Bankruptcy Rule B-4001-2(b):

    a. Priming of Existing Liens: the DIP Loan, as set forth above and in the attached Exhibit A, requires a first position secured priming lien on all assets owned by LGI. Currently, the primary secured lender of LGI, Platinum, does not consent to this treatment[1];

    b. Loan Documentation Costs: the DIP Loan, as set forth above and in the attached Exhibit A, requires a Commitment Fee of $125,000 payable at earlier of closing or commitment; an Exit Fee of $125,000 payable upon maturity; Interest at the greater of LIBOR plus 8% per annum or 14.25% per annum; Due Diligence costs anticipated at $50,000 ($25K for documentation, $15K for credit review and $10K for appraisals).

**Basis for Relief**

15.    As set forth above, LGI have a critical need for an infusion of funds to fund necessities accruing post-petition and to preserve the estate as a going concern in connection with the anticipated sale.

16.    Without access to the DIP Loan, LGI' estates will suffer immense harm.

---

[1] LGI believes there is sufficient equity in its assets as to adequately protect Platinum under the provisions of 11 U.S.C. §364(d) and plans to demonstrate same at the emergency hearing to be set on first day motions in this matter (or at such time as the Court may otherwise set), should LGI, Reich and Platinum not be able to resolve ahead of time.

17. As Debtors seeking financing under § 364(c) and § 364(d) of the Bankruptcy Code, LGI has made reasonable efforts to seek other sources of post-petition credit. LGI has been unsuccessful in seeking to obtain credit as an administrative expense, but has acted in accordance with its business judgment and should not be required to seek credit from every possible source. See *Bray v. Shenandoah Fed. Sav. & Loan Assoc. (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986) ("The statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable.").

18. LGI has not located any party willing to provide unsecured financing. Reich is the only known party to date willing to extend credit on terms feasible in light of the circumstances.

19. Accordingly, LGI submits that its efforts to obtain post-petition financing satisfies and will continue to satisfy the standard required under § 364 of the Bankruptcy Code, and that authority to enter into the DIP Loan should be granted.

20. LGI believes that the terms of the DIP Loan identified in this Motion are reasonable under the circumstances.

WHEREFORE, Lily Group, Inc., by proposed counsel, respectfully requests entry of an Order granting this Motion and such other relief as is just and proper.

Respectfully submitted

TUCKER HESTER BAKER & KREBS, LLC

By:     */s/ David R. Krebs*
        David R. Krebs
        Courtney E. Chilcote
        Tucker Hester Baker & Krebs, LLC
        One Indiana Square, Suite 1600
        Indianapolis, IN 46204
        Tel: (317) 833-3030
        Fax: (317) 833-3031
        Email: dkrebs@thbklaw.com
        Email: cchilcote@thbklaw.com

*Proposed Counsel for Lily Group, Inc.*