UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LILY GROUP, INC., | ) Case No.: 13-81073-FJO-11 |
| | ) |
| Debtor. | ) |

**AMENDED PROSPECTIVE BIDDER'S JOINDER IN OBJECTION TO MOTION TO ESTABLISH BIDDING PROCEDURES**

Third Set Advisors, LLC ("TSA"), by counsel, for its *Amended Prospective Bidder's Joinder in Objection to Motion to Establish Bidding Procedures*, states:

1. The undersigned counsel was mistaken in certain statement included in the *Prospective Bidder's Joinder in Objection to Motion to Establish Bidding Procedures* filed on December 11, 2013 (Doc 108), when he asserted that "To date, the Sale Motion has not been filed and the sale assets not identified." In fact, the Debtor filed *Debtor's Motion Pursuant to 11 U.S.C. §§ 363 and 365 for (A) Authority to Sell Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, with Valid Liens to Attach to Proceeds of Sale, and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* on December 9, 2013 (Doc 103)(the "Sale Motion"). However, the Sale Motion describes the "Proposed Sale Assets" only as "substantially all of" Debtor's assets. See: *Sale Motion*, Para. 8.

2. TSA therefore and hereby renews its joinder in the *Objection to Motion to Establish Bidding Procedures* filed by the U.S. Trustee on December 11, 2013 [Doc. 106] (the "U.S. Trustee's Objection").

3. TSA is a prospective bidder to purchase certain of Debtor's assets, and has exchanged information and extended expressions of interest in purchasing assets from Debtor, which expressions have ranged from $8 million to more than $12 million, the differences being

attributed to misinformation and confusion respecting which assets used in the operation of the Landree Mine are owned by Debtor and could thus be offered for sale by Debtor, and which assets are owned or controlled by non-debtor parties (notably, Debtor's principal) and could not be sold by Debtor. This confusion is apparently shared by Debtor, the principal secured (and DIP) lender, the Committee, and TSA, and their respective counsel.

4. Prior to and subsequent to filing of the Debtor's *Motion to Establish Bidding Procedures for the Sale of Substantially all the Assets of Lily Group, Inc. and Establishing Auction and Hearing Dates* filed on December 6, 2013 [Doc 99] (the "Procedures Motion"), TSA requested from Debtor and Debtor's principal information relative to the existence and ownership of Debtor's assets and to date has not been provided that information in a satisfactorily consistent or reliable form.

5. The Procedures Motion does nothing to identify or describe the assets offered to be sold other than to hint that details may be forthcoming in a Sale Motion expected by Debtor to be filed by December 9, 2013. As noted above, the Sale Motion was filed as promised, but provided no meaningful identification or description of the assets offered for sale.

6. TSA remains keenly interested in purchasing some or perhaps all of Debtor's assets and is therefore interested in the bidding and other procedures required to be honored to have its offer considered. Establishing bidding procedures before Debtor has established or disclosed the existence, nature, condition, and estimated value of the assets to be sold is, however, inappropriate, and TSA therefore joint in the U.S. Trustee's Objection, and requests that consideration of the Procedures Motion be delayed until such time as the Sale Motion has been filed and confirmed to include information sufficient for TSA and other parties in interest to evaluate the existence, ownership, condition, and estimated value of the assets to be sold.

2

7.  TSA further requests that the *Court's Order Shortening Notice, Establishing Objection Deadline and Setting Expedited Hearting (sic) on Motion to Establish Bidding Procedures* entered on December 6, 2013 [Doc 101] (the "Procedures Hearing Order") be vacated until the issues raised herein can be addressed.

WHEREFORE, Third Set Advisors, LLC respectfully joins in the U.S. Trustee's Objection, requests that the Procedures Hearing Order be vacated, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Jeffrey A. Hokanson
Jeffrey A. Hokanson

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46204
P: (317) 237-3800 | F: (317) 237-3900
E: jhokanson@fbtlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's electronic case filing system. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| Stephen K. Andrews | - | bankruptcy@bbanda.com |
| Michael K. McCrory | - | mmccrory@btlaw.com |
| Jonathan D. Sundheimer | - | jsundheimer@btlaw.com |
| Mark R. Owens | - | mowens@btlaw.com |
| Robert F. Hunt | - | hunt@huntlawfirm.com |
| Jay P. Kennedy | - | jpk@kgrlaw.com |
| James A. Knauer | - | jak@kgrlaw.com |
| Kay Dee Baird | - | kbaird@kdlegal.com |
| C. Daniel Motsinger | - | cmotsinger@kdlegal.com |
| Courtney E. Chilcote | - | cchilcote@thbklaw.com |
| David R. Krebs | - | dkrebs@thbklaw.com |
| Chad J. Sullivan | - | cjsullivan@jacksonkelly.com |
| Robert H. Scott | - | robert.scott@akerman.com |
| Gary H. Leibowitz | - | gleibowitz@akerman.com |
| Dustin R. DeNeal | - | dustin.deneal@faegrebd.com |
| Terry E. Hall | - | terry.hall@faegrebd.com |
| Charles R. Wharton | - | Charles.R.Wharton@usdoj.gov |

/s/ Jeffrey A. Hokanson
Jeffrey A. Hokanson

INDLibrary1 0128160.0612364  1161216v2