UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LILY GROUP, INC., | ) | CASE NO. 13-81073-FJO-11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE FOR ORDER APPROVING SELECTION OF STALKING HORSE AND BREAK-UP FEE, AND RELATED RELIEF IN CONNECTION WITH SALE OF ASSETS OF DEBTOR LILY GROUP, INC.**

Lily Group, Inc., debtor and debtor-in-possession ("LGI" or "Debtor"), by and through counsel, hereby move (the "Motion to Establish Stalking Horse") this Court for entry of an order pursuant to sections 105 and 363 of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") authorizing and approving Debtor's selection of a stalking horse, and a break-up fee in connection therewith, and certain related relief, as described more fully below, in connection with Debtor's proposed sale of substantially assets of debtor Lily Group, Inc.. In support of the Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the requested relief are sections 105 and 363 of the Bankruptcy Code.

**Background**

1

3. On September 23, 2013 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor has continued in possession of the property and has continued to operate and manage of the business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or an examiner in the Chapter 11 Cases. An official committee of unsecured creditors was appointed by the Office of the United States Trustee on or about October 18, 2013.

6. On December 6, 2013, the Debtor filed the *Motion to Establish Bidding Procedures for the Sale of Substantially all the Assets of Lily Group, Inc. and Establishing Auction and Hearing Dates* [Docket 99] ("Bid Motion").

7. On December 9, 2013, the Debtor filed the *Motion Pursuant to 363 and 365 for (A) Authority to Sell Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Interest and Encumbrances, with Valid Liens to Attach to Proceeds of Sale and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket 103] ("Sale Motion").

8. On December 26, 2013, the Court entered the Order Granting Motion to Establish Bidding Procedures for the Sale of Substantially All the Assets of Lily Group, Inc. and Establishing Auction and Hearing Dates [Docket 132] ("Bid Order"), which approved certain bid procedures, including a bid deadline of Monday, January 13, 2014, at 3:00 p.m. (EST); an auction date of Tuesday, January 14, 2014,

2

at 10:00 a.m. (EST); and a sale hearing date of January 15, 2014, at 9:30 a.m. (EST)[1].

9.  At the time of the hearing on the Bid Motion and the Court's approval of the terms of the Bid Order, the Debtor had not yet located or secured a stalking horse bid. However, the Bid Motion and Bid Order did provide for and permit the Debtor to subsequently identify a stalking horse bidder for some or all of the Debtor's assets and to seek approval of such a stalking horse and related break-up fee upon notice to all parties in interest of such stalking horse bid and terms.

10. Debtor has received a bid it finds acceptable as a stalking horse, has signed a letter of intent and is in the process of formalizing the proposed Asset Purchase Agreement (the "Definitive Agreement" as more fully described in the attached Exhibit A) with Redwine Management Company, Inc. ("Redwine") for the sale of substantially all assets of the Debtor pursuant to §363 of the Bankrutpcy Code. The fully executed Letter of Intent between LGI and Redwine is attached hereto as Exhibit A (the "Redwine Agreement"). The Debtor seeks authority herein to establish the Redwine Agreement as the Stalking Horse Bid ("SHB") and Redwine as the Stalking Horse Bidder.

11. In connection with the Redwine Agreement, the Debtor seeks approval of the following break-up fee and other bid protections: (a) break-up fee of $225,000, payable as a priority administrative claim in this Chapter 11 proceeding in the event of a sale to another bidder at a higher and better offer (the "Break-Up Fee");

---

[1] At the time this Motion to Establish Stalking Horse is filed, it is anticipated that the Debtor will be filing a motion to continue the sale hearing and related deadlines set forth in the Bid Order.

3

(b) Redwine will be entitled to a reasonable refund of any payments made in relation to the Redwine Agreement or under the Definitive Agreement, to be agreed among the Debtor, Platinum and the Committee, payable as an administrative priority claim upon consummation of a sale to another bidder at a higher and better offer, and (c) a required minimum initial overbid of $325,000 (the "Overbid"). Redwine has expressed its unwillingness to commit to hold open its offer to purchase substantially all assets of the Debtor unless the Debtor is authorized to provide the Break-Up Fee and the Overbid protections requested by this Motion.

12.   Apart from the requested Break-Up Fee and the associated Overbid protection, the Redwine Agreement and the relief requested by this Motion to Establish Stalking Horse is consistent with the bid procedures implemented in connection with the Bid Order.

13.   The Debtor, after consultation with counsel, as well as Platinum and the Committee, has determined that the Redwine Agreement and the associated Break-Up Fee and Overbid protection provide the best opportunity to maximize the return on the sale of the substantially all of the Debtor's assets.

## Relief Requested and Basis Thereof

14.   Pursuant to this Motion, and to compensate Redwine for serving as the stalking horse bidder whose bid will be subject to higher or better offers, the Debtor seeks entry of an order approving (a) Redwine as the stalking horse, (b) the Break-Up Fee, (c) and the Overbid.  The Debtor requests the foregoing relief on shortened notice so that it can commence the auction currently scheduled for January 14, 2013 (however, as previously noted herein, the Debtor will be seeking a short extension of

4

the bid deadline, the auction date and the sale hearing) with the certainty of a stalking horse bidder for the Debtor's assets. The Debtor and Redwine, and after consultation with Platinum and the Committee, believe that the Break-Up Fee and the Overbid are reasonable in light of the benefits to the Debtor's estate of having a "stalking horse" bidder by virtue of the Redwine Agreement and the risk to Redwine that a third-party offer ultimately may be accepted. The Debtor further believes that approval of the Break-Up Fee and the Overbid as described herein and under the terms of the Redwine Agreement are necessary to preserve and enhance the value of the assets and to the estate.

15. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

16. In general, bidding incentives encourage a potential purchaser to invest the requisite time, money, and effort to negotiate with a debtor and perform the necessary acts attendant to the acquisition of a Debtor's assets, despite the inherent risks and uncertainties of the chapter 11 process. Historically, bankruptcy courts have approved bidding incentives similar to the bidding protections proposed here under the "business judgment rule," which proscribes judicial second-guessing of the actions of a corporation's board of directors taken in good faith and in the exercise of honest judgment. *See, e.g., In re* 995 *Fifth Ave. Assocs., L.P.,* 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989) (bidding incentives may "be legitimately necessary to convince a 'white knight' to enter the bidding by providing some form of compensation for the risks it is undertaking"); *In re Marrose Corp.,* Nos. 89 B 12171

5

(CB) to 89 B 12179 (CB), 1992 WL 33848, at *5 (Bankr. S.D.N.Y. Feb. 15, 1992) (stating that "agreements to provide breakup fees or reimbursement of fees and expenses meant to compensate the potential acquirer who serves as a catalyst or 'stalking horse' which attracts more favorable offers."). *See also In re Integrated Resources, Inc.,* 147 B.R. 650, 657-58 (S.D.N.Y. 1992), *appeal dismissed,* 3 F.3d 49 (2d Cir. 1993) (establishing three basic factors for determining whether to permit breakup fees in bankruptcy: whether "the relationship of the parties who negotiated the break-up fee [is] tainted by self-dealing or manipulation," whether the "fee hamper[s], rather than encourage[s], bidding," and whether "the amount of the fee [is] unreasonable relative to purchase price").

17. Also, courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, it is appropriate to require parties submitting competing bids to submit bids that exceed existing bids by a specified minimum amount. *See, e.g., In re Financial News Network, Inc.,* 931 F.2d 217 (2d Cir. 1991) (requiring that overbids exceed the initial offer by 9.5 percent); *In re Crown Corp.,* 679 F.2d 774 (9th Cir. 1982) (requiring that overbids exceed the initial offer by 4.9 percent).

18. The Break-Up Fee and Overbid are appropriate. The Redwine Agreement and the Debtor's agreement to pay the Break-Up Fee and seek the Overbid pursuant to the terms thereunder are the product of good faith, arm's-length negotiations between the Debtor and Redwine. The Break-Up Fee and Overbid are fair and reasonable in amount and are reasonably intended to compensate for the risk to Redwine of being used as a stalking horse bidder. Cause

6

thus exists to approve the Break-Up Fee and the Overbid. Specifically, Redwine has expended, and likely will continue to expend, considerable time, money, and energy pursuing the sale, has engaged in extended and lengthy, good faith negotiations, and has provided a floor bid for the purchase of substantially all of the Debtor's assets.

19. The Break-Up Fee and the Overbid will permit the Debtor to insist that competing bids for the Debtor's assets made in accordance with the Bid Order be materially higher or otherwise better than the Redwine Agreement (or competing agreement), which is a clear benefit to the Debtor's estate.

20. The Debtor thus requests that the Court approve the Break-Up Fee and the Overbid protections.

## Request for Waiver of Rule 6004(h) Stay

21. In order to allow the immediate realization of value from the sale of substantially all of the Debtor's assets, consistent with its liquidation goals, the Debtor respectfully request that any order granting this Motion be effective immediately, notwithstanding the 10-day stay imposed by Bankruptcy Rule 6004(h). As the Debtor expressed above, its goal is to conduct an efficient administration of its financial and business affairs. An expedient sale process will inure to the benefit of all the Debtor's estate and creditors. Waiver of Bankruptcy Rule 6004(h) will insure that the bargained-for protections sought by this Motion to Establish Stalking Horse, to the extent approved by the Court, are in place and effective at the time of the Auction.

WHEREFORE, the Debtor respectfully request that the Court approve the Break-Up Fee and the Overbid protections, enter an order substantially in the form attached hereto as <u>Exhibit B</u>, and grant other related relief that the Court finds just and proper.

Respectfully submitted

TUCKER HESTER BAKER & KREBS, LLC

By:     */s/ Courtney E. Chilcote*
    David R. Krebs
    Courtney E. Chilcote
    Tucker Hester Baker & Krebs, LLC
    One Indiana Square, Suite 1600
    Indianapolis, IN 46204
    Tel: (317) 833-3030 / Fax: (317) 833-3031
    Email: dkrebs@thbklaw.com
    Email: cchilcote@thbklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2014, a copy of the following was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

Stephen Kirk Andrews    bankruptcy@bbanda.com
Kay Dee Baird    kbaird@kdlegal.com, pdidandeh@kdlegal.com
Courtney Elaine Chilcote    cchilcote@thbklaw.com, swatson@thbklaw.com;twilkerson@thbklaw.com
Nick J Cirignano    ncirignano@zsws.com, cflester@zsws.com
Heather M. Crockett    Heather.Crockett@atg.in.gov, stephanie.patrick@atg.in.gov,Maricel.skiles@atg.in.gov
Dustin R. DeNeal    dustin.deneal@faegrebd.com, sandy.engle@faegrebd.com;sarah.herendeen@faegrebd.com
Terry E. Hall    terry.hall@faegrebd.com, sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com
Jeffrey A Hokanson    jhokanson@fbtlaw.com, tschneider@fbtlaw.com
Robert Francis Hunt    hunt@huntlawfirm.net, dshell@huntlawfirm.net
Jay P. Kennedy    jpk@kgrlaw.com, tfroelich@kgrlaw.com;ads@kgrlaw.com;jli@kgrlaw.com
James A. Knauer    jak@kgrlaw.com, tjf@kgrlaw.com
David R. Krebs    dkrebs@thbklaw.com, dadams@thbklaw.com
Gary H Leibowitz    gleibowitz@coleschotz.com, jdonaghy@coleschotz.com;pratkowiak@coleschotz.com
Michael K. McCrory    mmccrory@btlaw.com, bankruptcyindy@btlaw.com
C Daniel Motsinger    cmotsinger@kdlegal.com, cmotsinger@kdlegal.com;crbpgpleadings@kdlegal.com;rhobdy@kdlegal.com
Dennis M Ostrowski    loubknotices@mapother-atty.com
Mark R. Owens    mowens@btlaw.com, mark.owens@btlaw.com;bankruptcyindy@btlaw.com;pgroff@btlaw.com
Robert H. Scott    robert.scott@akerman.com
Chad J. Sullivan    cjsullivan@jacksonkelly.com
Jonathan David Sundheimer    jsundheimer@btlaw.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Charles R. Wharton    Charles.R.Wharton@usdoj.gov

I further certify that on January 2, 2014, a copy of the foregoing was mailed by first-class United States Postal Service, postage pre-paid, and properly addressed to the following:

All Creditors and Parties in Interest.

                                                   */s/ Courtney E. Chilcote*
                                                   Courtney E. Chilcote