**SO ORDERED: January 30, 2014.**



_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LILY GROUP, INC., | ) | CASE NO. 13-81073-FJO-11 |
| | ) | |
| Debtor. | ) | |

### ORDER APPROVING SELECTION OF STALKING HORSE, BREAK-UP FEE AND RELATED RELIEF IN CONNECITON WITH SALE OF ASSETS OF DEBTOR LILY GROUP, INC.

This matter came before the Court upon the Debtor's *Motion for Order Approving Selection of Stalking Horse, Break-Up Fee and Related Relief in Connection with Sale of Assets of Debtor Lily Group, Inc.* ("Motion to Establish Stalking Horse") filed on January 2, 2014 [Docket 138], by the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code, among other things, approves the

selection of Redwine Management Company, Inc. ("Redwine") as stalking horse bidder for substantially all of the Debtor's assets pursuant to the terms of the Redwine Agreement, and thereby approve the Break-Up Fee, and approve the Overbid requirements set forth therein; and further coming before the Court the *Response of LC Energy Holdings, LLC to Debtor's Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code for Order Approving Selection of Stalking Horse and Break-Up Fee, and Related Relief in Connection with Sale of Assets of Debtor Lily Group, Inc.* (the "Platinum Response") filed on January 14, 2014 [Docket 178] by LC Energy Holdings, LLC ("Platinum" for purposes of this pleading);

And the Motion to Establish Stalking Horse and Platinum Response coming before the Court for hearing on January 15, 2014, the Court, finding that notice of the Motion to Establish Stalking Horse being sufficient and no further notice needing to be given; and the Debtor having articulated good and sufficient reasons for granting the Motion to Establish Stalking Horse; and after hearing the Platinum Response and due deliberation, and sufficient cause appearing thereof, it is hereby

ORDERED that the Motion to Establish Stalking Horse is hereby granted to the extent set forth herein; and it is further

ORDERED that Redwine is approved as the stalking horse bidder for the purchase of substantially all of the Debtor's assets upon the terms and conditions of the Redwine Agreement, as modified herein; and it is further

2

ORDERED that the Break-Up Fee, as requested in the Motion to Establish Stalking Horse and upon the terms and conditions of the Redwine Agreement is approved, and the Debtor is authorized to pay Redwine the Break-Up fee in the amount of $225,000 payable from the sales proceeds in the event of a sale to another bidder, provided however, that any break-up fee attributable to a credit bid is limited to the sum of $100,000.00.  In any event, a Break-Up fee is only payable if Redwine is ready, willing and able to close and further demonstrates compliance with the provisions of Paragraph 7D of the Redwine Agreement; and it is further

ORDERED that the Overbid is approved, such that any further initial bid for the purchase of substantially all of the Debtor's assets must exceed Redwine's offer by no less than $325,000.00; and it is further

ORDERED that the *Amended Bid Procedures Order* entered by this Court on January 10, 2014 [Docket 168] is otherwise unaffected by this Order and that this Order Approving Stalking Horse Bid shall be construed in conjunction therewith; and it is further

ORDERED that notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the rights of Indianapolis Power & Light Company ("IPL") to object to the assumption or assumption and assignment of that certain Coal Supply Agreement (as amended, the "IPL Agreement") between the Debtor and IPL on any grounds whatsoever under applicable bankruptcy or non-bankruptcy law including, but not limited to, the cure of any default(s) under the IPL Agreement, adequate assurance of future performance, and/or the ability of any

3

assignee to perform under the IPL Agreement, and all such rights are reserved and preserved; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing; and it is further

ORDERED that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #